IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

        Applicant,

v.                                                                             CV 13-146 JCH/WPL

STEVE NANCE, Warden, and
GARY K. KING, Attorney General of
the State of New Mexico,

        Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Pursuant to a plea agreement, Herbert Manygoat entered a plea of no contest to a single count of attempt to commit a felony, specifically armed robbery, in New Mexico state court. (Ex. C.)[1] The state district court judge sentenced Manygoat to a total term of three years' incarceration followed by two years of parole. (Ex. A.) However, the Judgment, Sentence and Commitment ("Judgment and Sentence") issued by the judge three days later, while naming the correct offense, listed an incorrect statute number. (*Id.* at 1.) Although the Judgment and Sentence was later amended to reflect the correct statute number (Ex. B), Manygoat now brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence due to the error (Doc. 1; Doc. 6). This matter has been referred to me to make findings of fact and to recommend an ultimate disposition. (Doc. 5.) Because Manygoat has not articulated a colorable claim for federal habeas relief, I recommend that the Court deny his petition.

---

[1] Unless otherwise indicated, all exhibits are to Respondents' answer (Doc. 10).

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2011, Manygoat was charged via criminal information with one count of attempt to commit a felony, one count of aggravated assault, and one count of criminal damage to property. (Ex. I.) The plea agreement reached four months later called for the dismissal of the latter two counts in exchange for Manygoat's agreement to plead no contest to the first count. (Ex. C.) The agreement was signed by Manygoat and his attorney (*id.* at 3) and was accepted and recorded by the district court in San Juan County, New Mexico, on March 19, 2012. (Ex. A at 1.)

The Judgment and Sentence filed on April 5, 2012, acknowledges that Manygoat had pleaded no contest to one count of "Attempt to Commit a Felony, to wit: Armed Robbery" pursuant to the plea agreement in question. (*Id.*) That document states that Manygoat's actions were "contrary to §§ 30-28-02 . . . , NMSA 1978." (*Id.*) However, N.M. STAT. ANN. § 30-28-2 refers to conspiracy offenses; attempts to commit a felony fall under N.M. STAT. ANN. § 30-28-1. Apparently unaware of the error, the district court signed the Judgment and Sentence and committed Manygoat to the custody of the New Mexico Department of Corrections for three years. (Ex. A at 2.)

On September 25, 2012, Manygoat filed a Petition for Writ of Habeas Corpus with the district court, seeking to vacate his sentence and confinement on grounds that included the improper statute number. (Ex. D.)[2] Two days later, the district court issued a Corrected Judgment and Sentence that corrected the statute number but was otherwise identical to the earlier Judgment and Sentence. (Ex. B.) The district court dismissed Manygoat's habeas petition less than a week later, noting that the Judgment and Sentence had been corrected and finding no

---

[2] Manygoat also raised other grounds in his state habeas petition. (Ex. D.) Because Manygoat does not raise these issues in his federal habeas petition, I do not address them here.

merit in "Defendant's contention that such a scrivenor's [*sic*] error justifies vitiating the entire sentence." (Ex. E at 1.) Manygoat's petition to the New Mexico Supreme Court for certiorari (Ex. F) was summarily denied (Ex. G).

Manygoat filed his federal habeas petition with this Court on February 13, 2013, arguing that the original Judgment and Sentence featured the wrong statutory citation, was not signed by the district court judge, and was not properly filed in that court. (Doc. 1 at 2.) As relief, Manygoat requests that the Court "dismiss [the] entire San Juan County District Court order." (*Id.* at 9.) After I ordered Respondents to answer Manygoat's complaint (Doc. 4), Manygoat filed a second federal habeas petition raising the same claims and grounds for relief as discussed in his original petition (Doc. 6).[3] Respondents filed an amended answer on March 22, 2013, arguing that Manygoat is not entitled to federal habeas relief under § 2254. (Doc. 10.)

### STANDARD OF REVIEW

Section 2254 allows the Court to entertain habeas applications from a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a state court has adjudicated a petitioner's claim on the merits, the petitioner is entitled to federal habeas relief if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)-(2).

---

[3] Because the two habeas petitions are effectively identical, I recommend that the Court construe them as a single habeas petition. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted) (liberally construing pleadings by pro se litigants).

**DISCUSSION**

At the outset, it is important to note what Manygoat is not challenging. He does not argue that his plea agreement contemplates a no-contest plea to any offense other than the crime of attempt to commit a felony. He does not argue that his plea agreement itself violates the Constitution or federal law. He does not argue in this petition that his defense attorney provided ineffective assistance of counsel in advising him on this plea agreement. He does not argue that his sentence was improper for a plea of no contest to one count of attempt to commit a felony. Finally, he does not challenge the actual execution of the sentence imposed as part of the accepted plea agreement. Instead, he challenges the validity of his original Judgment and Sentence on the grounds that the document cites to the wrong statutory provision and was allegedly not signed or properly stamped or filed.

First, I find that Manygoat's contention that the original Judgment and Sentence was not signed, stamped, and filed with the district court is without merit. Respondents have attached to their answer a court-endorsed copy of the Judgment and Sentence from the state district court file. I take notice of the fact that the Judgment and Sentence in the state court record is indeed signed by the district court judge and is stamped by that court as filed on April 5, 2012. However Manygoat came to possess an unsigned and unstamped copy of the Judgment and Sentence,[4] it is indisputable that the document was appropriately signed, stamped, and filed on April 5, 2012.

Manygoat's remaining argument, that the citation to the wrong statute should invalidate the entire Judgment and Sentence, provides no basis for federal habeas relief. First, although Manygoat states that the error "didn't meet the 'due process of law'" (Doc. 6 at 4), he does so in a conclusory fashion and provides no factual basis for so concluding. *See Ashcroft v. Iqbal*, 556

---

[4] Respondents speculate that Manygoat was provided with the unsigned and unstamped document prior to its filing. (Doc. 10 at 4 n.4.)

4

U.S. 662, 678 (2009) (rejecting pleadings that offer mere "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement" (citations and internal quotation marks omitted)). Because Manygoat's petition lacks sufficient factual support, the Court is not in a position to "draw the reasonable inference" that a due process violation has occurred. *Id.* (citation omitted).

    Second, even if the Court were to entertain an argument to that effect, I note that the district court expressly considered and rejected the merits of Manygoat's faulty-citation argument and that the state supreme court's denial of a writ of certiorari was not expressly based on procedural grounds. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (holding that a summary state court denial of habeas can be considered as "on the merits" when there is no indication that the court did not reach the merits of a claim). Thus, the district court's determination that the incorrect statutory citation constitutes a scrivener's error should be presumed correct unless Manygoat can rebut that finding by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Because the criminal information (Ex. I) and plea agreement (Ex. C) reflect the correct charge and statute, and because the Judgment and Sentence names the correct offense despite listing the wrong statute (Ex. A), I find that Manygoat was clearly on notice of the crime with which he was charged, that the Judgment and Sentence was premised on his plea to that crime, and that he has thus failed to rebut the district court's determination that the incorrect citation was a mere clerical error. *See Scott v. Ward*, No. 98-6377, 1999 WL 285916, at *1 (10th Cir. May 7, 1999) (unpublished decision) (dismissing a § 2254 habeas appeal and affirming the lower court's determination that a scrivener's error on a sentencing form did not affect the petitioner's substantive rights); *Mehdipour v. Parker*, No. CIV-03-534-C, 2005 WL 2666387, at *4-5 (W.D. Okla. June 10, 2005) (unpublished decision) (rejecting a § 2254 habeas

petition alleging due process violations based on an error in listing the correct statutory provision for an offense on the petitioner's Judgment and Sentence). The state court's rejection of Manygoat's habeas petition was therefore reasonable, and Manygoat is not entitled to habeas relief on the grounds raised. Accordingly, I recommend that the Court deny his petition.

### CONCLUSION

For the foregoing reasons, I recommend that the Court deny Manygoat's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1; Doc. 6) and dismiss this case with prejudice. Furthermore, as Manygoat has not made a substantial showing of the denial of a constitutional right, I recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c)(2).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE